UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMELINDA CRABBE,

                    Plaintiff,

          -against-

MANHATTAN MINI STORAGE; NEW
YORK STATE DEPARTMENT OF HEALTH,

                    Defendants.

1:19-CV-0013 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, appearing *pro se*, brings a complaint in which she names as defendants

Manhattan Mini Storage and the New York State Department of Health ("NYSDOH"), and in

which she seeks damages. Plaintiff does not specify the jurisdictional basis for her claims. But

she alleges that a state agency has discriminated against her. The Court therefore construes

Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. By order

dated August 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of

fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this

action and directs Plaintiff to show cause why the Court should not bar her from filing any future

civil action in this Court IFP without first obtaining the Court's leave to file.

## STANDARD OF REVIEW

          The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff makes the following allegations: On December 4, 2018, she rented a storage unit from Manhattan Mini Storage; she paid enough rent to allow her to store her belongings in the unit for 30 days. On December 7, 2018, Manhattan Mini Storage ordered her to vacate the storage unit in 20 days, but it did not give her a reason for its decision. Plaintiff then asked the New York State Attorney General's Office ("NYSOAG") for assistance, but that office did not respond to her. Two months later, that office informed her that Manhattan Mini Storage never returned its call.

Based upon Plaintiff's previous experiences with NYSOAG, Plaintiff suspects that it would "never follow through no matter what [she] complain[ed]" about. (ECF 2, p. 6.) Plaintiff believes that NYSOAG took little or no action because of her age and because she is homeless and disabled.

## DISCUSSION

### A.     NYSDOH

Plaintiff's claims under 42 U.S.C. § 1983 against NYSDOH (and any such claims Plaintiff asserts against NYSOAG) are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity

shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F. 2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, courts have held that NYSDOH and NYSOAG, as New York State agencies, enjoy Eleventh Amendment immunity from suit. *See, e.g.*, *Levy v. Cohen*, 439 F. App'x 30, 32 (2d Cir. 2011) (summary order) (NYSOAG); *Wang v. Office of Prof'l Med. Conduct, N.Y.*, 354 F. App'x 459, 460-61 (2d Cir. 2009) (summary order) (NYSDOH); *Sunnen v. N.Y.S. Dep't of Health*, No. 17-CV-1014, 2018 WL 3611978, at *4 (S.D.N.Y. July 27, 2018) (NYSDOH); *Wilson v. Wilson-Polson*, No. 09-CV-9810, 2010 WL 3733935, at *4 (S.D.N.Y. Sept. 23, 2010) (NYSOAG), *aff'd*, 446 F. App'x 330 (2d Cir. 2011) (summary order). The Court therefore dismisses Plaintiff's § 1983 claims against NYSDOH, and any § 1983 claims she asserts against NYSOAG, under the doctrine of Eleventh Amendment immunity and because those claims are frivolous.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d

---

[1] The Court also dismisses Plaintiff's § 1983 claims against NYSDOH and NYSOAG because those defendants are not considered "persons," as is required for § 1983 liability. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). And to the extent that Plaintiff asserts § 1983 claims against Manhattan Mini Storage, a private entity, the Court dismisses those claims because Plaintiff has alleged no facts showing how Manhattan Mini Storage acted as a state actor when it violated her federal rights. *See* § 1915(e)(2)(B)(ii); *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary*

757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B.     Duty to enforce laws

The Court construes Plaintiff's complaint as also asserting claims that state officials violated Plaintiff's federal constitutional rights by failing to enforce laws or by failing to give Plaintiff affirmative government aid. The Court must dismiss those claims because there is no federal constitutional duty on the part of government officials to enforce laws or to give affirmative aid. *See* § 1915(e)(2)(B)(ii); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994).

## C.     State-law claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

*Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**E.    Plaintiff's litigation history**

This Court has previously warned Plaintiff that if she continued to file nonmeritorious litigation in this Court, the Court may bar her from filing any future civil action in this Court without first obtaining leave of the Court. *See Crabbe v. Pessel*, 1:02-CV-5269 (S.D.N.Y. July 11, 2002); *Crabbe v. 229 West 109th Street Realty Corp.*, 1:02-CV-5270 (S.D.N.Y. July 11, 2002); *Crabbe v. City Housing Court*, 1:02-CV-5271 (S.D.N.Y. July 11, 2002); *Crabbe v. N.Y.C. Dep't of Welfare*, 1:02-CV-5320 (S.D.N.Y. July 11, 2002). By filing this action, Plaintiff has failed to heed the Court's warnings. The Court therefore orders Plaintiff to show cause why the Court should not bar her from filing any future civil action in this Court IFP without first obtaining leave to file from the Court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, the Court will bar Plaintiff

from filing any future civil action in this Court IFP without first obtaining the Court's leave to file.

## CONCLUSION

The Court directs the Clerk of Court to assign this action to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal-law claims as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from a defendant that is immune to such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Court declines to consider any of Plaintiff's state-law claims under its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

The Court orders Plaintiff to show cause by declaration within thirty days why the Court should not bar her from filing any future civil action in this Court IFP without first obtaining the Court's leave to file.

A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   September 9, 2019
         New York, New York

_____
        COLLEEN McMAHON
    Chief United States District Judge

6